**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ALICE MARSHALL,

       Plaintiff,

     vs.                          No. CIV 98-676-LH/KBM-ACE

BRUCE BABBITT, SECRETARY OF THE
DEPARTMENT OF THE INTERIOR,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court *sua sponte.* The Court finds that there is no just cause to delay the appeal and grants certification under Rule 54(b) for Count I (Unlawful Discrimination Under the Rehabilitation Act) and Count II (Unlawful Retaliation Under the Rehabilitation Act and Title VII) of Plaintiff's First Amended Complaint.

    This Court dismissed this five-count case on February 24, 2000. Counts I and II and all claims of continuing violations were dismissed with prejudice. Count III (Unlawful Discrimination Under Title VII), Count IV (Violations of the Age Discrimination in Employment Act), and Count V (Breach of Settlement Agreement) were dismissed without prejudice. Plaintiff appealed *pro se* the dismissal of Counts I and II. On May 10, 2000, the Tenth Circuit Court of Appeals filed its Order tolling briefing on the merits, citing *Heimann v. Snead,* 33 F.3d 767 (10th Cir. 1998)(dismissal without prejudice of remaining claims does not render prior orders final and appealable). The Circuit

Court also directed Plaintiff to serve and file in the Court of Appeals a certified copy of a district court order either granting certification under Rule 54(b) or adjudicating the remaining claims.

The Court finds that there is no just cause to delay the appeal of Counts I and II for the following reasons. First, delaying the appeal presents some risk of hardship to Plaintiff which could be avoided by an immediate appellate review. This case has been dismissed. Consequently, to pursue Counts III through V Plaintiff will have to bring another suit. Counts I and II having been dismissed with prejudice here cannot be part of that suit and, therefore, could not be appealed at the conclusion of any subsequent suit. Second, the adjudicated claims for discrimination based on Plaintiff's handicap and retaliation do not so overlap the remaining claims for age and gender discrimination and breach of contract that any appeal of the latter would require the appellate court to cover the same ground addressed on the appeal of the former. The legal rights at issue in Counts I and II are separate and distinct from the legal rights that Plaintiff seeks to vindicate in Counts III through V. In addition, Counts III through V involve separate facts from those in Counts I and II. Third, the need for appellate review of Counts I and II will not necessarily be mooted should Plaintiff pursue the three claims that were dismissed without prejudice. Fourth, this Court will not be obligated to consider the same issues it did for Counts I and II should Plaintiff pursue Counts III through V. Fifth, Plaintiff did not dismiss Counts III through V in order to appeal from the Court's Order dismissing Counts I and II. In fact, Count V was dismissed without prejudice for lack of jurisdiction.

**THE COURT, THEREFORE, FINDS** that no just cause exists to delay the appeal on Count I ( Unlawful Discrimination Under the Rehabilitation Act) and Count II (Unlawful Retaliation Under the Rehabilitation Act and Title VII) of Plaintiff's First Amended Complaint and **CERTIFIES**

these claims for appeal pursuant to Rule 54(b). A final judgment in accordance with this Memorandum Opinion shall be entered concurrently.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**